**Amy P. Lally, SBN 198555**
alally@sidley.com
**Michelle B. Goodman, SBN 218607**
mgoodman@sidley.com
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California  90013**
**Telephone:  (213) 896-6000**
**Facsimile:  (213) 896-6600**

**Attorneys for Defendant**
**NATURE'S WAY PRODUCTS, LLC**

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM PFLEG, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NATURE'S WAY PRODUCTS, INC; and DOES 1 -25, Inclusive,<br><br>        Defendants. | **Civil Action No. 3:12-cv-01018-LAB-BLM**<br><br>**Assigned to:**  Hon. Larry Alan Burns<br>**Location:**  Courtroom 9<br>**Date:**  July 23, 2012<br>**Time:** 11:15 a.m.<br><br>**DEFENDANT NATURE'S WAY PRODUCTS, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT FRCP 12(B)(6)** |

REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant Nature's Way Products, LLC ("Nature's Way") requests that this Court take judicial notice of: (1) a letter sent to Nature's Way by certified mail by counsel for Plaintiff Sam Pfleg on January 2, 2012 (a true and correct copy of which is attached hereto as Exhibit 1); (2) printouts from Nature's Way's website, located at www.naturesway.com (true and correct copies of which are attached hereto as Exhibits 2 through 9); and (3) section 400.400 of the Food and Drug Administration's ("FDA") Compliance Policy Guide (a true and correct copy of which is attached hereto as Exhibit 10).

As recently reiterated by the Supreme Court, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Matters of which the court may take judicial notice are those that are "not subject to reasonable dispute" because they are either (1) "generally known within the territorial jurisdiction of the trial court;" or (2) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to Federal Rule of Evidence 201(d), "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

A court may consider documents that are incorporated by reference into, but not physically attached to, the complaint if they are central to the plaintiff's claim and no party questions their authenticity. *See, e.g.*, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (in ruling on a motion to dismiss for failure to state a claim "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."); *In re Silicon Graphis Inc. Securities Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) ("the incorporation by reference doctrine . . . permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading") (internal quotations omitted); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307

F.3d 1119 (9th Cir. 2002) ("a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned").

The letter attached hereto as Exhibit 1 is judicially noticeable under the incorporation by reference doctrine. The Complaint alleges that on "January 2, 2012, Plaintiff's counsel mailed to Defendant Nature's Way, Inc. by certified mail, with return receipt requested, written notice that Defendant's conduct is in violation of the Consumers Legal Remedies Act, as required by Civil Code § 1782(a)." Compl. ¶ 39. The letter attached as Exhibit 1 is a true and correct copy of that January 2, 2012 letter.

A plaintiff cannot state a claim for damages under the CLRA if he has not first provided thirty days' notice to the defendant of its alleged violation. *See* Cal. Civ. Code § 1782(a). An examination of the contents of each of Plaintiff's notice letters is necessary to (1) determine whether Plaintiff has complied with the requirements of section 1782(a); and (2) ascertain the proper scope of Plaintiff's CLRA claim by identifying the specific products for which Plaintiff has provided the requisite notice. Thus, judicial notice of the January 2 letter is proper and vital to the resolution of Nature's Way's motion to dismiss.

Nature's Way requests that this Court also take judicial notice of printouts from its website, located at www.naturesway.com. Judicial notice of Nature's Way's website is proper because, like the January 2 notice letter, the website is incorporated into Plaintiff's Complaint by reference. *See* Compl. ¶ 10 n.1, ¶ 11 n.2. Moreover, because it is readily verifiable, "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *see also, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984-85 (N.D. Cal. 2010) (taking judicial notice of documents available online and printouts from the defendant's website); *Blue Lake Rancheria v. United States*, No. 08-4206 SC, 2010 WL 144989, at *2 n.4 (N.D. Cal. Jan. 8, 2010), *rev'd and remanded on other grounds*, 653 F.3d 1112 (9th Cir. 2011) (taking judicial notice of a printout from plaintiff's website, finding the facts therein not "subject to reasonable dispute" and "capable of determination using sources whose accuracy cannot reasonably be questioned"). Because Nature's Way's website is incorporated by reference into Plaintiff's Complaint and is readily verifiable,

3

Nature's Way requests that this court take judicial notice of the printouts attached hereto as Exhibits 2 through 9.

Finally, Nature's Way requests that this Court take judicial notice of section 400.400 of the FDA's Compliance Policy Guide, a true and correct copy of which is attached hereto as Exhibit 10. Exhibit 10 is judicially noticeable pursuant to Federal Rule of Evidence 201(b)(2) because its authenticity is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Specifically, its authenticity can be determined because it is available on the FDA's website at http://www.fda.gov/ICECI/Compliance Manuals/CompliancePolicyGuidanceManual/ucm074360.htm. Moreover, federal courts regularly take judicial notice of information available on the websites of federal governmental agencies. *See, e.g.*, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009); *Richardson v. Bureau of Land Mgmt.*, 565 F. 683, 702 n.22 (10th Cir. 2009).

For the foregoing reasons, Nature's Way respectfully requests that this Court take judicial notice of the documents attached hereto as Exhibits 1 through 10.

Dated: May 16, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP


By: **s/ Michelle B. Goodman**
Attorneys For Defendant
Nature's Way Products, LLC
E-mail: mgoodman@sidley.com

4
**REQUEST FOR JUDICIAL NOTICE**

**INDEX TO EXHIBITS TO DEFENDANT NATURE'S WAY PRODUCTS, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT FRCP 12(B)(6)**

| EXHIBIT | DESCRIPTION | PAGE |
|---------|-------------|------|
| 1 | January 2, 2012 Letter from Counsel for Plaintiff Sam Pfleg to Defendant Nature's Way Products, LLC | 7 |
| 2 | Printout of the page from Nature's Way's website located at http://www.naturesway.com/Products/Our-Brands/Boericke-Tafel/21825090-Arniflora-Arnica-Gel.aspx | 9 |
| 3 | Printout of the page from Nature's Way's website located at http://www.naturesway.com/Products/Homeopathic-Products/21825297-Triflora-Arthritis-Gel.aspx | 11 |
| 4 | Printout of the page from Nature's Way's website located at http://www.naturesway.com/Products/Homeopathic-Products/21850390-Florasone-Cardiospermum-Cream.aspx | 13 |
| 5 | Printout of the page from Nature's Way's website located at http://www.naturesway.com/Products/Homeopathic-Products/21812798-BT-SciaticAide.aspx | 15 |
| 6 | Printout of the page from Nature's Way's website located at http://www.naturesway.com/Products/Cough-Cold-Liquids/21901093-Cough-Bronchial-Syrup.aspx | 17 |
| 7 | Printout of the page from Nature's Way's website located at http://www.naturesway.com/Products/Our-Brands/Boericke-Tafel/21900693-Nighttime-Cough-Bronchial-Syrup.aspx | 19 |
| 8 | Printout of the page from Nature's Way's website located at http://www.naturesway.com/Our-Brands/Boericke-Tafel.aspx?page=1 | 21 |
| 9 | Printout of the page from Nature's Way's website located at http://www.naturesway.com/Products/Homeopathic-Products/21203573-Arnica-Montana-30C.aspx | 22 |
| 10 | FDA Compliance Policy Guide § 400.400, available at http://www.fda.gov/ICECI/ComplianceManuals/CompliancePolicyGuidanceManual/ucm074360.htm | 24 |

## CERTIFICATE OF SERVICE VIA CM/ECF SYSTEM

The undersigned certifies that on May 16, 2012, a true and correct copy of the following documents was electronically filed and served on all counsel of record who are deemed to have consented to electronic service via the Court's CM-ECF system: **DEFENDANT NATURE'S WAY PRODUCTS, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT FRCP 12(B)(6)**.

Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

By:**s/ Michelle B. Goodman**
Michelle B. Goodman, SBN 218607
mgoodman@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

*Attorneys for Defendant*
*Nature's Way Products, LLC*